UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:20-CV-11985-RWZ

RASHAD S. SULIMAN

v.

ANDREW M. SAUL, Commissioner of the Social Security Administration

MEMORANDUM & ORDER

August 3, 2022

ZOBEL, S.D.J.

Plaintiff Rashad S. Suliman ("Plaintiff") appeals the final decision by the Commissioner of the Social Security Administration ("Commissioner") that upholds an Administrative Law Judge's ("ALJ") denial of his first applications for social security disability insurance benefits ("SSDI") and supplemental security income ("SSI"). Plaintiff asserts that the ALJ erred by (1) discrediting the opinion of his treating physician, (2) finding plaintiff could do light work without substantial evidence to support such a conclusion, and (3) relying on the vocational expert's opinion, which was "irreparably tainted" by legal and factual errors. Docket # 21 at 1. Plaintiff also argues that the Appeals Council erred in declining to consider certain post-hearing medical records. Id. The decision of the Commissioner, that Plaintiff was not disabled as of the alleged onset date of March 6, 2018, is affirmed.

I.  **Background**

Plaintiff asserted disability beginning March 6, 2018 in his first applications for SSDI and SSI. R. 749–60.[1] His claims were initially denied on September 10, 2019, and again upon reconsideration on October 15, 2019. R. 687–90, 692–97. ALJ Francis Hurley then held a hearing on January 30, 2020, R. 570–615, and on March 4, 2020, ruled that Plaintiff was not disabled from the alleged onset date of March 6, 2018 through the date of the decision. R. 60–82. The Appeals Council denied his request for review of that decision, which then became the final decision of the Commissioner. R. 1–7. Plaintiff timely appealed.

Undeterred by the denial of his March 6, 2018 claims, on October 7, 2020, Plaintiff filed additional applications for SSDI and SSI with an alleged disability onset date of March 8, 2020. Docket # 28. Those claims were initially denied, but after a further hearing, ALJ William T. Ross issued a fully favorable decision that Plaintiff was disabled as of March 8, 2020 and entitled to benefits. Id. Thus, the matter before the court now pertains only to the period from March 6, 2018 to March 7, 2020.

II. **Standard of Review**

The Commissioner's findings of fact are conclusive if based on the correct legal standard and supported by substantial evidence. 42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). So long as the Commissioner's determinations are "supported by substantial

---

[1] "R." refers to the administrative record, filed in this matter at Docket # 16.

evidence," they must be affirmed, "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam). Further, resolving credibility issues "and the drawing of permissible inference from evidentiary facts are the prime responsibility of the [Commissioner]." Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981) (quoting Rodriguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)). Questions of law are reviewed de novo. Seavey, 276 F.3d at 9.

## III. Discussion

### A. Treating Physician's Opinions

Plaintiff first argues that the ALJ failed to give due weight to Dr. Phull's opinions,[2] which concluded that (1) Plaintiff could only occasionally lift 10 pounds and could never or very infrequently lift 20 pounds, and (2) he could sit only for one to two hours per eight-hour workday. Docket # 6 at 6–14. In contrast, the ALJ's residual functional capacity ("RFC") included Plaintiff occasionally lifting 20 pounds and frequently lifting 10 pounds and sitting for six hours per eight-hour workday. Docket # 27 at 3–6.

Substantial evidence supports the ALJ's finding that Dr. Phull's opinion was not persuasive. When an ALJ "does not credit the treating physician's opinion, he must apply the following factors in determining the import of the opinion: (1) knowledge of the claimant's impairments based on length, nature, and extent of treatment; (2) evidence supporting the opinion; (3) whether the opinion is consistent with other evidence in the

---

[2] Although Plaintiff relies in his opening brief on the outdated "treating-physician rule" for this argument, see Docket # 21 at 6, Plaintiff acknowledges in his reply brief that his argument should prevail even under the updated standard set forth in 20 C.F.R. § 404.1520c, see Docket # 27 at 3. See Purdy v. Berryhill, 887 F.3d 7, 13 n.8 (1st Cir. 2018) ("The [SSA] has eliminated the treating-physician rule for purposes of claims filed on or after March 27, 2017.").

3

record; and/or (4) whether the opinion pertains to medical issues in the physician's specialty." Phillips v. Barnhart, No. CIV.A. 02-11115-RWZ, 2003 WL 21877761, at *1 (D. Mass. Aug. 8, 2003); 20 C.F.R. § 404.1527(d)(2)(i), (d)(3), (d)(4), and (d)(5)). "The most important factors to be considered when the Commissioner evaluates persuasiveness are supportability and consistency; these are usually the only factors the ALJ is required to articulate." Harrison v. Saul, No. 20-cv-10295-LTS, 2021 WL 1153028, at *5 (D. Mass. Mar. 26, 2021). In deciding not to credit Dr. Phull's opinions, the ALJ explained their inconsistencies with the record, including diagnostic studies showing only minor abnormalities, documented improvements in physical examinations and physical therapy, and consistent ability to perform most activities of daily living. R. 75. Moreover, the ALJ noted that parts of Dr. Phull's opinions were not supported by the underlying medical evidence:

> I note that the doctor included manipulative limitations of the left upper extremity, while the record does not establish any medical condition of this extremity. The portions regarding off task behavior and absenteeism are speculative and do not find support in the medical record. The medical record does not evidence that the claimant had concentration difficulties during examinations or frequently missed appointments.

Id. Substantial evidence supports the ALJ's finding pertaining to Dr. Phull's opinions were not reliable.

### B. The ALJ's RFC

Substantial evidence also supports the ALJ's RFC[3] and determination that although Plaintiff had several impairments, none were severe enough to meet the requisite statutory requirements for disability. R. 65–66. The ALJ considered Plaintiff's

---

[3] The ALJ found that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, and sit for six hours per eight-hour workday. R. 68.

4

self-reported symptoms and his medical records, as well as expert opinions. R. 65–72. For example, the ALJ described Plaintiff's history of mental illness and alcohol dependence in depth. R. 68–72. But then he highlighted where Plaintiff's self-reported mental and physical impairments were inconsistent with or unsupported by the corresponding medical records:

> Overall, I find that the foregoing evidence does not tend to support claimant's allegations of disabling impairments, as it reflects a history of only mild to moderate symptoms with generally effective treatment. The record reflects no evidence of psychiatric hospitalization or episodes of decompensation other than brief admissions for detox. . . . They do not document abnormal cognition, communication, perception, or thought process. With respect to his cirrhosis and GI bleeding, repeated studies have shown stable and benign liver function tests as well as no active bleeding observed on EGDs.

R. 72. The ALJ similarly found that the medical evidence was not fully consistent with Plaintiff's self-reported limitations relating to his shoulder. R. 72–73. Relying on the medical records, expert opinions, Plaintiff's activities of daily living, and his appearance and demeanor at the hearing, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. 69; see Ferreira v. Astrue, No. 10-11983-NMG, 2012 WL 1085522, at *7–8 (D. Mass. Mar. 29, 2012).

### C.   Vocational Expert's Opinion

Because there is no error in the ALJ's consideration of the treating physician's opinion nor with the RFC, the vocational expert's opinion was not tainted. Arrington v. Colvin, 216 F. Supp. 3d 217, 244 (D. Mass. 2016). Moreover, substantial evidence

supports the vocational expert's opinion that there were jobs in the national economy which Plaintiff could have performed with his stated RFC.

D.  **Post-Hearing Medical Records**

Finally, Plaintiff alleges the Appeals Council erred by failing to consider medical records that post-date ALJ Ross's January 30, 2020 hearing. Plaintiff fails to demonstrate "egregious error." See Arrington, 216 F. Supp. 3d at 231 (noting that review under "egregious error" test is "exceedingly narrow") (citations omitted). He has not explained how these records would have changed ALJ Hurley's finding of no disability as of March 6, 2018. Id. Based on these records, Plaintiff submitted new applications for SSDI and SSI benefits with a later alleged disability onset date. Those applications have since been approved, but the award of benefits based on the second set of applications does not speak to the sufficiency of the ALJ's findings on the first such set. Id. at 245 ("When a claimant files a new application covering a new time frame, the issues (including RFC) are to be examined *de novo*.") (citations omitted). Indeed, Plaintiff appropriately filed new applications for benefits based on the more recent medical records and was successful. But that does not dictate a finding of error in the earlier review of Plaintiff's medical record.

IV.  **Conclusion**

Plaintiff's Motion for Order Reversing the Commissioner's Decision (Docket # 20) is DENIED, and Defendant's Motion for Order Affirming the Commissioner's Decision (Docket # 24) is ALLOWED.

August 3, 2022
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE